**FILED**

**JANUARY 18, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION**

**08 C 419**

| | | |
|---|---|---|
| HEATHER WESTCOTT, | ) | |
| | ) | |
| Plaintiff | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Judge: |
| RESIDENTIAL PLUS MORTGAGE CORPORATION | ) | |
| an Illinois Corporation, and | ) | JURY TRIAL REQUESTED |
| KELLY ZOUDO | ) | |
| Defendants | ) | |

**JUDGE GETTLEMAN
MAGISTRATE JUDGE NOLAN**

---

## COMPLAINT

NOW COMES the Plaintiff HEATHER WESTCOTT ("WESTCOTT"), by and through her attorneys, Bellas & Wachowski, for her Complaint against the Defendants RESIDENTIAL PLUS MORTGAGE CORPORATION, an Illinois corporation ("RESIDENTIAL PLUS") and KELLY ZOUDO ("ZOUDO") states as follows:

### NATURE OF ACTION

1.    This action is brought by Plaintiff Heather Westcott pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage law, 820 ILCS 105/1 *et seq.* ("IMWL") and and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et. seq.* ("IWPCA") for the Defendants' failure to pay overtime wages to the Plaintiff for all hours worked. During the period of time from June 15, 2004 through the date of final disposition of this action, (the "Liability Period") the Plaintiff was employed by the Defendants as a "Loan Processor" and was either misclassified

as "exempt" and therefore erroneously denied overtime compensation for all hours worked in

excess of forty (40) in a single workweek or simply and wrongfully denied overtime

compensation for all hours worked in excess of forty (40) in a single workweek by the

Defendants. The Defendants' actions were willful and had the effect of denying the Plaintiff her

rightful overtime wages.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201

*et. seq.*, including §§ 206 and 207 and the Portal to Portal Act, 29 U.S.C. § 251 *et. seq.*, 28

U.S.C. § 1331, and 42 U.S.C. § 1981. There is supplemental jurisdiction over the state law

claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in the Northern District of Illinois in that the Defendants are engaged in

business in this District, and a substantial part of the events or omissions giving rise to the claims

occurred in this District.

## THE PARTIES

4.      Plaintiff Westcott is an Illinois resident, residing at 2159 Jordan Circle, Elgin,

Illinois. She was employed by the Defendants from January 13, 2003 until her termination on

June 15, 2007, as a Loan Processor. At all times relevant hereto, the Plaintiff was classified as an

"exempt" employee by her employer.

5.      Defendant Residential Plus Mortgage Corporation is an Illinois corporation, duly licensed

and authorized to conduct business in the state of Illinois by the Illinois Secretary of State.

Residential Plus Mortgage Corporation maintains a principal place of business at 2700 S. River

Road, Suite 115, in the Town of Des Plaines, County of Cook, State of Illinois.

6.     During the Liability Period, Residential Plus Mortgage was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and the IMWL.

7.     Defendant Kelly Zoudo is an Illinois resident.  Defendant Kelly Zoudo was and is an officer, owner and operator of Residential  Plus Mortgage Corporation during the Liability Period and is an individual acting in the interests of Defendant Residential Mortgage Corporation under the FLSA and IMWL and is therefore individually liable for violations of the FLSA and the IMWL.

8.     During the Liability Period, Defendant Zoudo was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and the IMWL.

9.     Defendants are and were, at all pertinent times, "enterprises" as defined by the FLSA.

10.    Defendants were, at all pertinent times, enterprises directly engaged in interstate commerce and the products and services offered by the Defendants were, at all pertinent times, shipped from outside of Illinois into, among other places, Indiana.

11.    Defendants also handle, sold or otherwise worked with services and goods or materials that had or have been moved in or produced for commerce.

12.    During the Liability Period, the Plaintiff was employed by the Defendants, was paid on an hourly basis, and was an "employee" within the meaning of the FLSA and the IMWL.

13.    During the Liability Period, the Plaintiff was suffered or permitted to work by the Defendants.

14.    During the Liability Period, the Defendants controlled the manner and means of the work

performed by the Plaintiff.

15.    During the Liability Period, the Plaintiff was subject to supervision and oversight by the Defendants.

16.    During the Liability Period, the Plaintiff was not exempt from the overtime wage provisions of the FLSA or the IMWL.

17.    During the Liability Period, the Plaintiff was employed by the Defendants and said employment was integral and indispensable to the Defendants' business.

## GENERAL FACTUAL ALLEGATIONS

18.    The allegations of Paragraphs 1 through 17 are incorporated as if fully stated herein.

19.    The primary duty of Loan Processors employed by the Defendants is to work to assemble documents and verify information for loan closings in accordance with guidelines of the Defendants.

20.    Loan Processors employed by the Defendants are compensated on a salary and bonus basis.

21.    Loan Processors bonus payments represent less than half their total compensation.

22.    Since approximately 2005, the Defendants have required Loan Processors to complete time records showing the number of hours worked per week.

23.    Since approximately 2005, the Defendants do not permit Loan Processors or other employees to report all their hours worked per week.

24.    Loan Processors regularly work a significant amount of time over forty (40) hours in a workweek for the benefit of the Defendants.

25.    The Defendants do not compensate their Loan Processors at a rate of one and one half

times their regular rate for all hours worked in excess of forty (40) in a single workweek as required by the FLSA or the IMWL.

26.    The Defendants Loan Processors are not exempt from the maximum hour requirements of the FLSA or the IMWL.

27.    The Defendants are aware that the Loan Processors they employed during the Liability Period regularly performed the functions enumerated in Paragraph 19 without receiving overtime compensation.

28.    During the Liability period, the Defendants did not make, keep, or preserve accurate time records of the hours Loan Processors spent performing all of their job functions.

29.    The Defendants wilfully and recklessly denied overtime wage compensation for hours worked over forty (40) in a single workweek at a rate of one and one half times their regular pay to the Loan Processors it employed during the Liability Period.

30.    The Defendants' Loan Officers are not exempt from the maximum hour requirement of the FLSA or the IMWL.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

31.    The Plaintiff alleges and incorporates by reference the allegations contained in Paragraphs 1 through 30.

32.    During her employment with the Defendants, within the Liability Period, the Plaintiff worked in excess of forty (40) hours in a workweek without overtime compensation.

33.    Despite the hours worked by the Plaintiff, the Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay her overtime compensation.

34.     By failing to accurately record, report, and/or preserve records of hours worked by the Plaintiff, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA.

35.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

36.     The Defendants willfully violated the FLSA by refusing to compensate Westcott at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week during the Liability Period.

WHEREFORE, The Plaintiff, respectfully requests that this Court enter an Order against the Defendants as follows:

a.     Judgment in an amount equal to one and one half times the hourly wage rate for all hours the Plaintiff worked in excess of forty (40) per week as compensatory damages;

b.     Awarding prejudgment interest with respect to the total amount of the unpaid overtime compensation.

c.     The entry of an appropriate injunction to enjoin the Defendants from failing to pay their employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek;

d.     Reasonable attorneys fees and costs as a result of the Defendants' violation of the FLSA.

e.     Leave to add or amend claims under applicable state laws;

f.     Such other and further relief as this Court deems appropriate and just under the

circumstances.

## SECOND CLAIM FOR RELIEF
## LIQUIDATED DAMAGES

37.    The Plaintiff re-alleges and incorporates by reference the allegations contained in

Paragraphs1 through 36 as though fully set forth herein.

38.    In denying the Plaintiff compensation at a rate of one and a half times her regular rate for

hours worked in excess of forty (40) in a single workweek, the Defendants' acts were not based

on good faith or reasonable grounds.

39.    The Plaintiff is entitled to liquidated damages equal to the amount of unpaid overtime

compensation, pursuant to 29 U.S.C. § 206.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order as follows:

a.    Awarding liquidated damages equal to the amount of all unpaid overtime
compensation;

b.    Awarding Plaintiff's reasonable attorneys fees and costs incurred as a result of the
Defendants' violation of the FLSA; and

c.    For such other, and further relief as the Court deems appropriate under the
circumstances.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

40.    The Plaintiff re-alleges and incorporates by reference the allegations contained in

Paragraphs1 through 39 as though fully set forth herein.

41.    During her employment with the Defendants, within the Liability Period, the

Plaintiff worked in excess of forty (40) hours in a workweek without overtime compensation.

42.     Despite the hours worked by the Plaintiff, the Defendants willfully, in bad faith, and in knowing violation of the IMWL, failed and refused to pay her overtime compensation.

43.     By failing to accurately record, report, and/or preserve records of hours worked by the Plaintiff, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the Illinois Administrative Code §210.770.

44.     The foregoing conduct, as alleged, constitutes a willful violation of the IMWL.

45.     The IMWL provides "no employer shall employ any of his employees for a work week of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than 1 ½ times the regular rate at which he is employed." 820 ILCS 105/4a(1).

46.     The Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Westcott at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week during the Liability Period.

WHEREFORE, The Plaintiff, respectfully requests that this Court enter an Order against the Defendants as follows:

a.     Judgment in an amount equal to one and one half times the hourly wage rate for all hours the Plaintiff worked in excess of forty (40) per week as compensatory damages;

b.     Punitive damages as set forth in the IMWL;

c.     The entry of an appropriate injunction to enjoin the Defendants from failing to pay their employees at a rate of one and one half times their regular rate of pay for all

hours worked in excess of forty (40) in a single workweek;

d.      Reasonable attorneys fees and costs incurred as a result of the Defendants'

violation of the IMWL  as provided for under the IMWL.

e.      Such other and further relief as this Court deems appropriate and just under the

circumstances.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT

47.      The Plaintiff re-alleges and incorporates by reference the allegations contained in

Paragraphs1 through 46 as though fully set forth herein.

48.      During the Liability Period, there was in full force and effect a certain statute known as

the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq* ("IWPCA").

49.      Pursuant to the Act, the definition of an "employer" includes any individual...or any

person or group of persons acting directly or indirectly in the interest of any employer in relation

to any employee..." 820 ILCS 115/2.

50.      During the Liability Period, the Defendants were an "employer" legally responsible for

payment of all wages, commissions, compensation, and vacation time as required by the Act. 820

ILCS 115/1, *et seq.*

51.      The IWPCA provides that employees are to be paid wages earned during the semi-

monthly pay period and are to be paid these wages *no later than* 13 days of the end of the said

pay period. 820 ILCS 115/3,4 (emphasis added).

52.      The IWPCA further provides that final compensation ***must be paid in full*** at the time of

separation, ***but no later than*** the next regularly scheduled pay day.  It states that where an

"employee requests in writing that his final compensation be paid by check and mailed to him, the employers shall comply with this request." 820 ILCS 115/5 (emphasis added).

53.     The Defendants failed to comply with the provision of the IWPCA and underpaid the named Plaintiff and the class members during the Liability Period.

54.     The Defendants violated the IWCPA by underpaying the Plaintiff for all wages, and specifically denying her payment for vacation time she was entitled to upon her departure.

55.     The Defendants violated the IWPCA by underpaying the Plaintiff for all wages (including overtime wages as well as the aforementioned vacation pay).  Despite repeated demands for payment, said amounts remain outstanding.

WHEREFORE, The Plaintiff respectfully requests that this Court enter an Order against the Defendants as follows::

a.     Judgment in an amount equal to one and one half times the hourly wage rate for all hours the Plaintiff worked in excess of forty (40) per week as compensatory damages to be paid within 15 days of judgement;

b.     Judgment in an amount equal to all vacation pay due the Plaintiff which the Defendants wilfully refused to pay her;

c.     Penalties to be assessed against the Defendants as calculated by section 14(b) of the IWPCA if said amount is not paid within 15 days of judgment;

d.     The entry of an appropriate injunction to enjoin the Defendants from failing to pay their employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek, or from refusing to pay employees accrued and earned vacation pay upon their departure from the

Defendants;

e.      Reasonable attorneys fees and costs in having to prosecute this action;

f.      Such other and further relief as this Court deems appropriate and just under the circumstances.


### JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.


Date:   January _/ 8_, 2008


Respectfully submitted,

Heather Westcott,
Plaintiff

BY: _____
WILLIAM P. BOZNOS
One of Plaintiff's Attorneys


George S. Bellas (george@bellas-wachowski.com)
William P. Boznos (bill@bellas-wachowski.com)
Bellas & Wachowski
Attorneys for Plaintiff
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030


*Complaint   Page 11*